## Gasda v. Commonwealth

*Hull, Leiby & Metzger*, for plaintiff.

*James H. Duff*, Attorney General; *H. F. Stambaugh* and *Horace A. Segelbaum*, Deputy Attorneys General, for Commonwealth.

RICHARDS, J., April 29, 1947.—Plaintiff was an employe of the Liquor Control Board of the Commonwealth of Pennsylvania. He submitted to said board

a bill for traveling expenses and meals incurred by him between February 17, 1942, and December 15, 1942, in the amount of $448.60. The board, contending that he had been assigned to work in its stores upon a permanent rather than a temporary basis, refused said claim. Plaintiff then filed a statement of claim with the Board of Claims, consisting of the Auditor General and State Treasurer. The Board of Claims, after taking testimony, allowed the claim in full. The Commonwealth thereupon petitioned the Auditor General and State Treasurer for a resettlement of the claim. The resettlement was refused. The Commonwealth then petitioned the Board of Finance and Revenue for review of the claim. This board refused the petition for lack of jurisdiction. The Commonwealth then appealed to this court.

The question involved is: Did the Board of Finance and Revenue have jurisdiction to entertain the petition of the Commonwealth for review of the claim?

*Discussion*

Our attention must be directed to certain provisions of the Fiscal Code of April 9, 1929, P. L. 343, as set forth in 72 PS §§1003, 1101, 1102, 1103 and 1104. Section 1003 confers upon the Auditor General and State Treasurer, usually called in this capacity a Board of Claims, the power to adjust and settle claims *against* the Commonwealth. Section 1101(*b*) requires the Auditor General to send a copy of the settlement to the party with whom it is made. Section 1102, as amended by the Act of April 19, 1945, P. L. 259, allows the party with whom the settlement is made, *or the Commonwealth*, to petition for a resettlement. Section 1103, as amended, allows the same parties to petition the Board of Finance and Revenue for review of the action taken. Section 1104, as amended, allows an appeal to this court by the Commonwealth and others aggrieved by the decision of the Board of Finance and Revenue.

A careful review of these statutory provisions was made by Judge Hargest of this court, in Merchants' Warehouse Co. v. Liquor Control Board, 54 Dauphin 106. He traced the history of the Board of Claims and demonstrated that it exercises judicial functions. Upon appeals in the same case, 349 Pa. 1, the Supreme Court, by Mr. Chief Justice Maxey, likewise reviewed these statutory provisions. On page 12, of the latter opinion, the Supreme Court stated:

"Certainly since 1782, the General Assembly has reposed this judicial duty in its fiscal officer or officers. As further evidence of the legislative intent to permit such claims to be adjudicated, it provided that if the claimant is dissatisfied with the adjudication and determination of it he may appeal to the Court of Common Pleas of Dauphin County, subject to like proceedings in common suits in this court. The Commonwealth may confer or withhold the right of appeal from these decisions. *The legislature conferred upon the Commonwealth no right to such an appeal.*" (Italics supplied.)

This comment by the chief justice related to the Board of Claims and to the above-mentioned sections of the Fiscal Code. At the time the comment was made the code made no mention of the right of the Commonwealth to petition for resettlement, review or appeal. Following this decision, the legislature amended sections 1102, 1103 and 1104, and conferred the same right upon the Commonwealth, with reference to resettlement, review and appeal, that had theretofore been enjoyed by claimant alone. The rights of claimant and the rights of the Commonwealth, to these remedies, are derived from the identical sections of the Fiscal Code. It can scarcely be doubted, therefore, that the Board of Finance and Revenue was in error when it concluded that it had no jurisdiction to entertain the petition of the Commonwealth for review of the claim. If it had no jurisdiction of the Commonwealth's peti-

tion, it would have no jurisdiction of claimant's petition—a conclusion in flat contradiction of the holding of the Supreme Court above quoted.

We direct attention also to Northwestern National Bank v. Commonwealth, 345 Pa. 192, which also involved the Liquor Control Board. In this case, on page 194, the Supreme Court reviewed the successive steps taken by claimant, under the several sections of the Fiscal Code, to have his claim adjusted. These steps are precisely as we have already outlined them above and confirm what we have said.

Since the legislature has invested the Board of Finance and Revenue with jurisdiction to hear and determine this matter, and it is obliged to exercise its own independent judgment as to the validity of the claim before a right to appeal to this court accrues, we will remand the case to it for further proceedings in accordance with law, as herein set forth.

### Order

And now, to wit, April 29, 1947, the appeal is sustained. The case is remanded to the Board of Finance and Revenue for consideration by it in accordance with the law.